UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CONCERN FOR INDEPENDENT LIVING, INC.,

                *Plaintiff*,

       -against-                               **ORDER**
                                                     24-cv-07101 (RPK) (JMW)

TOWN OF SOUTHAMPTON, NEW YORK, and
TOWN BOARD OF THE TOWN OF
SOUTHAMPTON,

                *Defendants*.
-------------------------------------------------------------------X

**A P P E A R A N C E S**:

    Michael G. Allen, Esq.
    Rebecca Livengood, Esq.
    Robert William Hunter, Esq.
    Valerie Comenencia Ortiz, Esq.
    Edward K. Olds, Esq.
    **Relman Colfax PLLC**
    1225 19th Street N.W., Suite 600
    Washington, DC 20036
    *Attorneys for Plaintiff*

    Brian S. Sokoloff, Esq.
    Mark A. Radi, Esq.
    **Sokoloff Stern LLP**
    179 Westbury Avenue
    Carle Place, NY 11514
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    Plaintiff Concern for Independent Living, Inc., a non-profit organization ("Plaintiff"), commenced this action on October 9, 2024, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. ("FHA"), Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. ("Rehabilitation Act"), and New York Human Rights Law, N.Y. Exec Law § 296 ("NYSHRL") against Defendants

1

Town of Southampton, New York (the "Town"), and the Town Board of the Town of Southampton (the "Town Board") (collectively, "Defendants"), arising out of alleged "unlawful and discriminatory conduct" by Defendants which "prevented Plaintiff from constructing Liberty Gardens, an affordable housing development in the unincorporated community of Tuckahoe in the Town." (*See generally*, ECF No. 1.)

Presently before the Court is the parties' Joint Motion for a Stay of Discovery (ECF No. 20), pending resolution of Defendants' anticipated motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and/or (6). (ECF No. 17.)[1] Although the motion to stay is unopposed, the Court nonetheless undertakes a review to determine whether a stay is warranted, mainly because a request to stay litigation is seemingly at odds with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For the reasons set forth below, the Court concludes a stay of discovery is warranted, and thus the parties' Joint Motion (ECF No. 20) is **GRANTED**.

## BACKGROUND

The allegations of the Complaint (ECF No. 1) are assumed true for purposes of the instant motion to stay and the anticipated motion to dismiss. In 2017, Plaintiff proposed developing affordable "supportive housing" for disabled and low-income people on a five-acre site in the Town's R-20 zone, which allowed a maximum of two dwelling units per acre. (*Id*. at ¶ 5.) In 2020, Plaintiff applied to change the lot's zoning to permit construction of a 50-unit

---

[1] Defendants filed a pre motion letter seeking leave to file a motion to dismiss before the Hon. Rachel P. Kovner, and Judge Kovner directed a response in opposition by December 20, 2024. (*See* Electronic Order dated December 16, 2024.) Plaintiff filed a response in opposition on December 20, 2024. (ECF No. 21.) On December 23, 2024, Judge Kovner waived the pre motion conference requirement and set a briefing schedule on Defendants' anticipated motion. (*See* Electronic Order dated December 23, 2024.)

development. (*Id*. at ¶ 57.)  In July 2021, the Town Board issued a positive declaration under the New York State Environmental Quality Review Act ("SEQRA"), requiring submission of an Environmental Impact Statement ("EIS"). (*Id*. at ¶ 60.)   In November 2023, Plaintiff submitted to the Town Board an EIS, and public hearings ensued. (*Id*. at ¶ 72.)  In June 2024, the Town Board issued its Findings Statement concluding the proposed rezoning would have significant environmental impacts on, *inter alia*, drinking water and traffic, and denied Plaintiff's zone change application. (*Id*. at ¶¶ 16-17.)  Plaintiff alleges the Town Board's denial of its zone change application was discriminatory, asserting various discrimination claims under the FHA, ADA, Rehabilitation Act, and NYSHRL, and also challenges the Town Board's determination as arbitrary and capricious under N.Y. C.P.L.R. Article 78 ("Article 78"). (*See generally*, ECF No. 1.)

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court.  That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

3

In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). In addition, consideration of the nature and complexity of the action, whether *some* or *all* defendants joined in the request for a stay, as well as the posture or stage of the litigation. *Id.* (citation omitted). The fact that Plaintiff consents to a stay is only a factor to be considered. It is against this backdrop that the Court considers the present application.

I.   *Have Defendants Made a Strong Showing That Plaintiff's Claims Are Unmeritorious?*

This prong is perhaps the most important consideration in determining whether a stay should be granted.[2] Defendants assert that the stay ought to be granted because the entirety of Plaintiff's Complaint is subject to dismissal with prejudice on various grounds. Plaintiff disputes the likely outcome of the motion to dismiss, but nevertheless consents to a stay of discovery.

*First*, Defendants contend the Court lacks jurisdiction over this action because Plaintiff has not received a final decision in connection with alternate avenues for relief provided by the Town Code. (ECF No. 20 at 2.) Specifically, Defendants contend Plaintiff could have first applied to develop the parcel as of right in compliance with the R-20 zone and sought a bonus density increase for projects proposing construction of "community benefits." (ECF No. 17 at 2) (citing Town Code §§ 216-1 *et. seq.*, 330-9; Town Law § 261-b). The Town Code and state law also allowed Plaintiff to apply to the Zoning Board of Appeals ("ZBA") for a variance to permit

---

[2] To be clear, the undersigned is considering the merits of the motion on the basis of the pre-motions letter filings and any conclusions drawn herein are solely for purposes of determining whether a stay is appropriate. This analysis should in no way be an indication of the outcome of the underlying motion to dismiss which is before Judge Kovner.

4

the desired construction. (*Id*. at 3) (citing Town Code §§ 330- 164, 330-166; N.Y. Town Law §§ 267-a, 267-b.) Plaintiff's failure to obtain a final decision through these additional options likely renders its claims "unripe." (*Id*.); *see, e.g.*, *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985) (land use claims are not ripe until the government "has reached a final decision regarding the application of the regulations to the property at issue" *i.e.*, "a definitive position on the issue that inflicts an actual, concrete injury"); *see also Woodfield Equities, L.L.C. v. Inc. Vill. of Patchogue*, 357 F.Supp.2d 622, 631-32 (E.D.N.Y. 2005), *aff'd*, 156 F. App'x 389 (2d Cir. 2005) (applying finality requirement to FHA, ADA and § 504 claims).

*Second*, Defendants argue Plaintiff "has no legal right to change the Town's existing zoning." (ECF No. 20 at 2.) In New York, a Town Board "possesses virtually unfettered discretion with respect to the assignment of zoning designations for real property within its territorial jurisdiction[,]" and "federal courts applying New York law have routinely concluded that due to Town Boards' vast discretion to assign, change or decline to change zoning designations, property owners do not possess a cognizable property interest in the zoning designation of their property." *DC3, LLC v. Town of Geneva*, 783 F. Supp. 2d 418, 422 (W.D.N.Y. 2011) (collecting cases). An exception may exist where:

> A property owner's right to zoning status becomes vested, typically through substantial expenditures prior to the enactment of the more restrictive zoning ordinance, however, where there has been no construction or other change to the land itself, a property owner has no right to complete a project permitted under an earlier zoning classification.

*Id*. (internal citations omitted) (cleaned up).

Here, Plaintiff "makes no factual allegations upon which a finding could be made that its interest in the zoning designation of its property was vested" as it "does not allege that it engaged or invested in any significant construction or other land development in reliance upon the prior

5

zoning designation." *Id*. As such, Plaintiff's claims predicated on denial of its zoning application is likely to fail on this ground. *See e.g., Woodfield Equities, L.L.C.*, 357 F. Supp. 2d at 636 ("Neither the FHA, the ADA, or the Rehabilitation Act allows for an entity to plunk down within a community in an area or in a way forbidden by local laws without first making any attempts to comply with such laws").

*Third*, Defendants argue the Court also lacks jurisdiction over Plaintiff's Article 78 claim, which must be commenced in state court. (ECF No. 20 at 2.) Indeed, "[f]ederal courts are not subject to New York State procedural rules, including Article 78 . . . and have no jurisdiction over claims invoking Article 78." *Mai v. N.Y. State Office of Temp. & Disability Assistance*, 2023 WL 5978032, at *1 (E.D.N.Y. Sept. 14, 2023) (noting if Plaintiff "is dissatisfied with decisions of New York City and New York State agencies, she may seek relief in the appropriate state courts, not the federal courts."). To this end, Plaintiff's claim challenging the Article 78 proceeding here will likely be dismissed for lack of subject matter jurisdiction. *S&R Dev. Ests., LLC v. Bass*, 588 F. Supp. 2d 452, 464 (S.D.N.Y. 2008) (holding court lacked subject matter jurisdiction over Article 78 claim which "must be brought in New York State court").

*Finally*, Defendants assert Plaintiff failed to state a claim under the NYSHRL because the Town is not the owner of Plaintiff's proposed project. (ECF No. 20 at 2.) "Executive Law § 296 (2-a) and (5) (a) specifically set forth the categories of actors which may be held liable for engaging in the unlawful discriminatory practices that are defined within the statute[;]"

> Executive Law § 296 (2-a) identifies those actors as 'the owner, lessee, sub-lessee, assignee, or managing agent of publicly assisted housing accommodations or other person having the right of ownership or possession of or the right to rent or lease such accommodations.' Executive Law § 296 (5) (a) identifies those actors as 'the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof.'

6

*New York State Div. of Hum. Rts. v. Town of Oyster Bay*, 113 N.Y.S.3d 153 (N.Y. App. Div 2 Dep't 2019) (quoting Executive Law § 296 (2-a) and (5) (a)). Inasmuch as the Town and the Town Board do not fall within the categories set forth in Section 296, Plaintiff's claims under the NYSHRL will likely be dismissed.

Therefore, having reviewed the arguments advanced on the motion to dismiss, it appears that Defendant has on its face made a strong showing that the Complaint may be unmeritorious at this juncture. This conclusion, however, in no way prejudges the ultimate disposition of the motion or the merits of the case, but only for purposes of deciding whether a stay is appropriate.

**II.     *Breadth of Discovery*** 

The Court additionally finds the breadth of discovery here, as presented by the parties, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided. *See* ECF No. 20 at 2 ("As the subject matter of this action involves proposed construction of a large housing development subject to SEQRA review, public hearings, and various impact studies, among other things, [the parties] expect discovery will include voluminous, time-consuming, and expensive document production and involve a number of depositions.").

Given that the zoning dispute dates as far back as 2017, it would be especially prudent to reserve any discovery until after the motion to dismiss is decided. *See e.g.*, *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 U.S. Dist. LEXIS 70418, at *26-27 (S.D.N.Y. Apr. 26, 2018). Thus, the Court finds a stay of discovery pending resolution of the anticipate motion to dismiss is appropriate "to avoid the potentially unnecessary expenditure of party, municipal, and judicial resources." *See* ECF No. 20 at 2.

### III.  *Risk of Unfair Prejudice*

Finally, it appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the decision on the motion to dismiss. Indeed, Plaintiff has consented to a stay. *See* ECF No. 20 at 3; *see also Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23CV08959PKCJMW, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (*"*[T]he Court does not find – and Plaintiff does not otherwise argue – that a stay would result in any material prejudice to Plaintiff. *Finally*, the Court notes this case is still in its early stages – a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken").

Accordingly, weighing all the relevant factors, the Court finds that a stay of discovery pending the outcome of Defendants' anticipated Rule 12(b)(6) and/or 12(b)(1) motion is warranted.

### CONCLUSION

For the foregoing reasons, the parties' Joint Motion to Stay (ECF No. 20) is **GRANTED**. In the event the underlying motion to dismiss is denied in any respect, the parties shall file a proposed discovery schedule **within ten (10) days** of Judge Kovner's decision on the motion.

Dated:   Central Islip, New York
         January 29, 2025

**S O   O R D E R E D:**

/s/ *James M. Wicks*
         JAMES M. WICKS
         United States Magistrate Judge