FILED
CLERK

11/17/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CONCERN FOR INDEPENDENT LIVING, INC.,

           *Plaintiff*,

   -against-

TOWN OF SOUTHAMPTON, NEW YORK, and
TOWN BOARD OF THE TOWN OF
SOUTHAMPTON,

           *Defendants*.
------------------------------------------------------------------X

**ORDER**
24-cv-07101 (NJC) (JMW)

**A P P E A R A N C E S**:

    Rebecca Livengood
    Michael G. Allen
    Valerie Comenencia Ortiz
    **Relman Colfax PLLC**
    1225 19th Street N.W., Suite 600
    Washington, DC 20036
    *Attorneys for Plaintiff*[1]

    Mark A. Radi
    **Sokoloff Stern LLP**
    179 Westbury Avenue
    Carle Place, NY 11514
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    Plaintiff Concern for Independent Living, Inc., a non-profit organization ("Plaintiff"), commenced this action on October 9, 2024, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, and New York Human Rights Law, N.Y.

---

[1] Plaintiff's motion includes a signature from attorney Steven Barshov with the firm of SBarshov Law PLLC. (ECF No. 29 at 6.) However, Mr. Barshov has not filed a notice of appearance and is directed to do so.

1

Exec. Law § 296 against Defendants Town of Southampton, New York and the Town Board of the Town of Southampton (collectively, the "Defendants"), arising out of alleged "unlawful and discriminatory conduct" by Defendants which "prevented Plaintiff from constructing Liberty Gardens, an affordable housing development in the unincorporated community of Tuckahoe in the Town." (*See generally*, ECF No. 1.) On January 29, 2025, the Court granted the parties' Joint Motion to Stay (ECF No. 20) until the Motion to Dismiss is resolved, currently pending before the District Judge. (ECF No. 24.) Now, Plaintiff seeks to lift the stay of discovery (ECF No. 29), which Defendants oppose (ECF No. 30). For the reasons set forth below, the Court concludes that the continued stay of discovery is appropriate under the circumstances, and thus Plaintiff's Motion to Lift the Stay of Discovery (ECF No. 29) is **DENIED**.

## DISCUSSION

"'The decision to continue or lift a stay is a matter within this Court's discretion,' and the Court should keep in mind the factors it considered in 'ordering the stay in the first place.'" *New York by James v. Puff Bar*, No. 25-CV-01445 (MMG), 2025 WL 2607635, at *1 (S.D.N.Y. Aug. 29, 2025) (quoting *In re Kind LLC "Healthy & All Natural" Litig.*, No. 15-MC-02645 (WHP), 2019 WL 542834, at *2 (S.D.N.Y. Feb. 11, 2019); *see also Brinkmann v. Town of Southold, New York*, No. 21-CV-02468 (LDH)(JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citing *In re Kind LLC*, 2019 WL 542834, at *2) (same)). The factors that a court considers when issuing a stay pending resolution of a dispositive motion are "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Indeed, this discretionary decision "to continue a stay already imposed – 'is incidental to

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Chechele v. Standard Gen. Master Fund L.P.*, No. 20-CV-03177 (JLR), 2023 WL 1796371, at *1 (S.D.N.Y. Feb. 7, 2023) (internal citations omitted).

Consideration of the above leads to the inescapable conclusion that the circumstances that warranted a stay eleven months ago remain the same today. The Court back in January of this year reviewed the parties' pre-motion letters (ECF Nos. 17, 20) and the joint motion to stay discovery (ECF No. 20), and determined discovery should be stayed. (ECF No. 24.) At this current stage, Plaintiff offers "no change in circumstances to warrant lifting the discovery stay." *See Brinkmann v. Town of Southold, New York*, No. 21-CV-02468 (LDH)(JMW), 2022 WL 3912974, at *2 (E.D.N.Y. Aug. 31, 2022) (denying a motion to vacate the stay of discovery).

Here, Plaintiff argues that while the underlying "meritless" motion to dismiss is pending, it is prejudiced because each month a $10,000 payment is due to maintain its option on the property at issue. (ECF No. 29 at 1, 4.) It appears and Defendants contend that Plaintiff was aware of this payment back when the joint motion was filed. (ECF No. 30 at 3.) Apart from this argument, no other reason is offered to the Court to lift the stay.

Next, Plaintiff asserts that the fully briefed motion to dismiss has been pending before the Court for almost nine months. (ECF No. 29 at 4.) While this may appear as a long time for Plaintiff who wants to pursue its claims, the Court is handling this case and many others. Notably, the Hon. Nusrat J. Choudhury has scheduled oral argument on the Motion to Dismiss for January 9, 2026. (*See* Electronic Order dated 11/12/2025.) To that end, Defendants aver that lifting a stay at this juncture, when oral argument is now scheduled, "would erase the purpose of originally granting the stay." (ECF No. 30 at 3.) The Court agrees.

There is no dispute between the parties that discovery here would be significant. (ECF Nos. 29 at 5; 30 at 3.) Thus, allowing the parties to engage in even limited discovery as Plaintiff suggests could be burdensome. Awaiting resolution of the dispositive motion could limit the needs of certain requests or the depositions which would be taken. However, such a question can only be determined upon resolution of the pending motion. *See New York by James*, 2025 WL 2607635, at *1 (stating that a stay was no longer warranted as no dispositive motion was pending).

And, without reiterating the reasoning in the Court's prior stay decision, it is noted that Defendants had made a strong showing that the Complaint may be unmeritorious, and nothing in the instant application changes that analysis. Accordingly, since Plaintiff has not met its burden to vacate the stay, and discovery remains stayed pending oral argument before Judge Choudhury. At that time, Judge Choudhury will determine whether the stay should continue or be vacated while the motion to dismiss is sub judice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Lift the Stay of Discovery (ECF No. 29) is **DENIED**, and the stay remains in place pending oral argument before the Hon. Nusrat J. Choudhury, at which time Judge Choudhury will determine whether the stay should continue while the motion is sub judice.

Dated: Central Islip, New York
November 17, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

4